UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cr-35-PPS |
| | ) | |
| JOSEPH SUMBRY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Joseph Sumbry has moved for a review of his pretrial detention in this

case. [DE 39.] On July 13, 2020, I held a combined hearing on Sumbry's motion for

review of his pretrial detention as well as a motion to suppress. [DE 57.] While

Sumbry's request for bond was originally premised on fears of contracting COVID-19

while detained, his counsel conceded at the hearing that the present situation in Porter

County Jail was under control. Sumbry has continued to test negative for COVID-19

since Sumbry's motion for review of his pretrial detention was first filed in May,

likewise undercutting that basis.[1]  His counsel stated that now the primary basis for his

bond request was the insufficiency of the evidence against Sumbry in the event I

---

[1]  Sumbry's motion for review of his pretrial detention was filed on May 6. [DE 39.] I
originally intended to hold a hearing on this motion promptly via videoconference [*see*
DE 42], as the COVID-19 pandemic resulted in the suspension of almost all in-person
hearings in the United States District Court for the Northern District of Indiana. *See*
General Orders 2020-05, 2020-06, 2020-10, 2020-14B, and 2020-20. But Sumbry did not
consent to a hearing via videoconference and the Court was unable to hold in-person
hearings safely until recently. [*See* DE 46.]

granted his other motion and suppressed evidence seized by police during their

investigation. I denied his motion to suppress [DE 61] and I now formally deny his

request for bond and order him to remain detained pending trial.

Magistrate Judge Kolar issued a lengthy and well-supported opinion explaining

his decision to detain Sumbry pending trial, and why upon reconsideration he ruled the

same way. [DE 38.] But I cannot merely rely upon Judge Kolar's fulsome work, I "must

conduct de novo review." *United States v. Shaker*, 665 F. Supp. 698, 701 (N.D. Ind. 1987).

Thus, I must decide for myself if the Government has carried its burden of persuasion

that there is "no condition or combination of conditions [which] will reasonably assure

the appearance of the person as required and the safety of any other person and the

community." 18 U.S.C. § 3142(e)(1); *United States v. Dominguez*, 783 F.2d 702, 707 (7th

Cir. 1986). If it has, then Sumbry is properly detained before trial.

Section 3142(g) sets out four factors to consider in deciding whether there are

conditions that would ensure the community's safety or whether a defendant must be

detained. 18 U.S.C. § 3142(g). The first factor is the nature and circumstances of the

charged offense, including whether it is a crime of violence, a crime of terrorism, or a

crime which involves a minor child, a controlled substance, a firearm, an explosive, or a

destructive device. *See* 18 U.S.C. § 3142(g)(1). Under the current superseding

indictment, Sumbry has not been charged with any crime involving narcotics. [DE 51.]

And while none of the three counts charged are crimes of violence or terrorism, Sumbry

is charged thrice over with being a felon in illegal possession of a firearm in violation of

-2-

18 U.S.C. § 922(g)(1). These are serious offenses involving firearms and thus this factor weighs in favor of Sumbry's continued detention.

The second factor is the weight of the Government's evidence against Sumbry. 18 U.S.C. § 3142(g)(2). Based upon the indictment, proffers and evidence discussed at the hearing (none of which was suppressed), I think the Government has a strong case against Sumbry. Two of the three weapons at issue in the indictment were recovered from an area between two houses in which police officers observed Sumbry suddenly walk towards as they approach him and a companion. Moments later, Sumbry walked out of the area. The guns were recovered minutes later from where Sumbry had been. Furthermore, the third gun was found in a room in which Sumbry slept with his girlfriend and was recovered when Sumbry was arrested in that house.

On the other end of the scale on this factor, Sumbry has proffered argument and facts, and even some evidence, to support reasons why he is innocent of the crimes charged. He contends the jacket he was wearing when police stopped and searched him and found ammunition was someone else's. And while his girlfriend has changed her story from what she told law enforcement originally, at the hearing, she testified that the shotgun found in the bedroom she shared with Sumbry was hers. Furthermore, her son testified that one of guns found outside were dropped there by him as he jumped a fence. That doesn't explain the other gun though—but perhaps it was left by some other unknown person. In any event, Sumbry's defense is not ridiculous or implausible, it's just highly coincidental. And measured against the Government's version of events, I

don't think it shows the Government has a weak case. The Government need not have

an uncontestable case for this factor to weigh in favor of detention. Thus, this factor

weighs in favor of Sumbry's continued detention.

The third factor is Sumbry's character, physical and mental condition, family ties,

employment situation, financial resources, length of residence in the community,

community ties, and criminal history. 18 U.S.C. § 3142(g)(3). This factor weighs very

strongly against Sumbry. As Magistrate Judge Kolar noted "Sumbry's criminal history

alone (of assault, battery, family violence, evasion, and escape) establishes not only a

danger to the community, but a risk of flight that even he has not disputed." [DE 38 at

17.] Sumbry has over forty prior encounters with law enforcement in Wisconsin,

Indiana, Kentucky, Texas, Tennessee, and Oklahoma. [DE 8 at 3.] He has been convicted

of crimes well over a dozen times. He has multiple active warrants in multiple states

and a pattern of failing to appear, using aliases, and evading arrest. [*Id.* at 12.] This

factor strongly weighs in favor of Sumbry's continued detention, despite the fact he has

ties to the area and some sustained employment history.

The fourth and final factor is the nature and seriousness of the danger to any

person or the community posed by Sumbry's release. 18 U.S.C. § 3142(g)(4). As

discussed above, Sumbry's criminal history is lengthy. Many of his past crimes and

arrests were related to violent incidents and that, coupled with his recidivism, shows he

poses a continued danger to others and the community. That is the case even if the

current charges in this case are "only" related to firearms and are not in and of

themselves violent crimes. This is another factor which very strongly counsels for his continued detention pending trial. Thus, all four factors under Section 3142(g) weigh against Sumbry's request for bond, two of them quite strongly so.

Finally, even though his counsel all be conceded the issue at the hearing, I will address the possibility of COVID-19 being a "compelling reason" for "temporary release" under 18 U.S.C. § 3142(i). In short, it is not. Sumbry has been detained for many months at the Porter Country Jail while the COVID-19 pandemic has affected our country. His counsel stated that Sumbry has been regularly tested and has not tested positive for the virus. Furthermore, there are no special health concerns which put Sumbry at a significantly heightened risk of suffering serious complications from COVID-19. Obviously, the COVID-19 pandemic is itself an exceptional circumstance. But that on its own cannot justify the wholesale emptying of all jails and prisons. And it seems that under circumstances, the Porter County Jail authorities are taking precautions to limit the likelihood that Sumbry or other inmates and detainees will contract the disease. Thus, while I am sympathetic to his fears of contracting the virus, that fear would exist and likely be the same if not greater if Sumbry were to be released as the COVID-19 pandemic continues to rage across America.

ACCORDINGLY: Defendant Joseph Sumbry's Motion for Bond [DE 39] is DENIED.

SO ORDERED on July 28, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT